Deborah Ferro DiMezza, Esq. Town Attorney, Edinburg
You have asked whether one person may hold simultaneously the positions of town clerk and confidential secretary to the town supervisor.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
You have informed us that your town does not have a comptroller. Under these circumstances, the town clerk exercises certain functions under the finance article of the Town Law. Except for certain wages, a claim against a town may not be paid unless an itemized voucher is presented to the town board and is audited and allowed (Town Law, § 118). The town clerk presents claims to the town board for audit (id., § 119[1]). Once the claim has been audited, the town clerk prepares an abstract specifying the number of the claim, the name of the claimant, the amount allowed and the fund and appropriation to be charged (ibid.). The abstract is the authorization for the supervisor to pay the amount owed on the claim (ibid.). The supervisor may not make a payment except upon the warrant, order or draft of the town clerk after audit and allowance by the town board (id., § 125[1]).
Annually, the supervisor is required to prepare and file with the town clerk a financial report accounting for all monies received and disbursed by him (id., § 29[10]).
Thus, the duties of the town clerk constitute a fiscal check or balance upon those of the supervisor. State law has established the auditing function as entirely separate from the payment function.
In certain towns. the supervisor may designate a bookkeeper, confidential secretary, or both (id., § 29[15]). While you have indicated that the proposed job description for confidential secretary in your town will exclude bookkeeping duties and will be confined to ministerial responsibilities including typing, filing and correspondence, we believe that the two positions are incompatible. First, the confidential secretary to the supervisor inevitably will have some involvement in the fiscal functions of the office of town supervisor. While you have indicated that this involvement will be confined to ministerial responsibilities, in our view the service of the town clerk in this position will erode the fiscal checks and balances built into the provisions of the Town Law. We believe that the Legislature contemplated that the auditing and payment functions be completely separate and independent of one another.
Also, the confidential secretary is subservient to and serves at the pleasure of the town supervisor (id., § 29[15]). Were he to serve as confidential secretary, this would place the town clerk in a subordinate position to the town supervisor, further eroding fiscal checks and balances. At least an appearance would be created that the town clerk could not impartially perform his duties in relation to the auditing of claims while beholden to the town supervisor for employment. At least an appearance of impropriety reasonably could result.
We conclude that the positions of town clerk and confidential secretary to the town supervisor are incompatible.